CV 13                    525                    FILED
                                                CLERK

UNITED STATES DISTRICT COURT                    2013 JAN 30  AM 10: 31
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X          U.S. DISTRICT COURT
                                                                            OF NEW YORK

KEVIN CAMERON,
                                                **COMPLAINT**
                            Plaintiff,
                                                Docket No.
        -against-
                                                Jury Trial Demanded

CITY OF NEW YORK, EMANUEL VIZZOTTI, Individually,
JAMES GAYLE, Individually, ERIC FRANCIS, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names          **ROSS, J.**
John and Jane Doe being fictitious, as the true names are presently
unknown),
                                                                GO, M.J.
                            Defendants.

----------------------------------------------------------------X

        Plaintiff KEVIN CAMERON, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## Preliminary Statement

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

## JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff asserts

supplemental state law claims pursuant to common law and the New York State Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.　　Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.　　Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.　　Plaintiff KEVIN CAMERON is a twenty-seven year old, black male, residing in Brooklyn, New York.

7.　　Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.　　Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.　　That at all times hereinafter mentioned, the individually named defendants, EMANUEL VIZZOTTI, JAMES GAYLE, ERIC FRANCIS, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.　　That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On November 1, 2011, at approximately 5:00 p.m., plaintiff KEVIN CAMERON was lawfully present in front of his residence, located at 33 Crooke Avenue, Brooklyn, New York, speaking on his cellular phone and drinking a Monster energy drink.

13.     At the aforesaid time and place, three defendant officers, believed to be defendants VIZZOTTI, GAYLE, and FRANCIS, approached plaintiff and asked him what he was drinking.

14.     Plaintiff replied that he was drinking an energy drink.

15.     The defendant officers, without permission and authority, attempted to search plaintiff.

16.     Plaintiff informed the officers that he didn't have anything on him and indicated the same by showing the officers the inside lining of his pants pockets.

17.     Notwithstanding the fact that the officers lacked reasonable suspicion to believe that plaintiff was engaged in any unlawful activity, an officer reached towards plaintiff to forcibly search him.

18.     In response plaintiff took a step back.

19.     An officer then grabbed plaintiff by the arm, struck plaintiff in the head, and forcibly took plaintiff to the ground.

20.     Once plaintiff was on the ground, the defendant officers kneed plaintiff on his back and repeatedly struck plaintiff in the head and body.

3

21.     The defendant officers handcuffed plaintiff.

22.     The defendant officers arrested plaintiff without cause or justification.

23.     After handcuffing plaintiff, the officers transported plaintiff to an NYPD police precinct and imprisoned him therein.

24.     After a period of time, the defendant officers summoned an ambulance to the precinct which transported plaintiff to Maimonides Medical Center where he received treatment for the injuries the defendant officers inflicted upon him.

25.     Plaintiff's injuries included but were not limited to, an abrasion above his left eyebrow, headache, redness to his wrists, and abrasions to his right hand.

26.     Thereafter, the defendants unlawfully imprisoned plaintiff until his arraignment, on November 2, 2011, in Kings County Criminal Court, on docket no. 2011KN086991; said charges having been filed based on the false allegations of defendants VIZZOTTI and GAYLE that plaintiff purportedly obstructed governmental administration, resisted arrest, acted disorderly, and harassed the officers.   The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of brutality and abuse of authority.

27.     At plaintiff's arraignment, all the false charged levied against plaintiff were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

28.     Defendant FRANCIS supervised defendants VIZZOTTI and GAYLE and approved of, oversaw, and participated in the arrest and use of force against plaintiff.

29.     Defendants JOHN and JANE DOE were present or otherwise aware of the incident and failed to intervene in the illegal conduct described herein.

4

30.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race.

31.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force; disproportionately stop, detain, search, and arrest individuals due to discrimination against them based on their race and/or nationality; improperly abuse their authority to arrest individuals and commit perjury or manufacture evidence to convict such individuals in order to cover up their misconduct, and that they engage in falsification.

32.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

33.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34.     As a result of the foregoing, plaintiff KEVIN CAMERON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his

liberty and his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37.     All of the aforementioned acts deprived plaintiff KEVIN CAMERON, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41.     As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

6

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants arrested plaintiff KEVIN CAMERON without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44.     Defendants caused plaintiff KEVIN CAMERON to be falsely arrested and unlawfully imprisoned.

45.     As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

46.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff KEVIN CAMERON'S constitutional rights.

48.     As a result of the aforementioned conduct of defendants, plaintiff KEVIN CAMERON was subjected to excessive force and sustained physical injuries.

49.     As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants maliciously issued criminal process against plaintiff KEVIN CAMERON by causing him to appear in Kings County Criminal Court.

52.     Defendants caused plaintiff KEVIN CAMERON to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

53.     As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The defendants seized, assaulted, battered detained, arrested, maliciously issued process, and imprisoned plaintiff KEVIN CAMERON, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

8

56.     As a result of the foregoing, plaintiff KEVIN CAMERON was deprived of his rights under the Equal Protection Clause of the United States Constitution.

57.     As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants had an affirmative duty to intervene on behalf of plaintiff KEVIN CAMERON, whose constitutional rights were being violated in their presence by other officers.

60.     The defendants failed to intervene to prevent the unlawful conduct described herein.

61.     As a result of the foregoing, plaintiff KEVIN CAMERON was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his safety, he was maliciously issued process, he was humiliated and subjected to handcuffing and other physical restraints and detained without probable cause.

62.     As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     The supervisory defendants personally caused plaintiff KEVIN CAMERON'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65.     As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, subjecting individuals to excessive force; and, falsely arresting individuals and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals; and disproportionately stopping, detaining, searching, and arresting individuals due to discrimination against them based on their race and/or nationality.

10

69.     In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff KEVIN CAMERON'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KEVIN CAMERON.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KEVIN CAMERON as alleged herein.

72.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KEVIN CAMERON as alleged herein.

73.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff KEVIN CAMERON was seized, subjected to excessive force, falsely arrested, maliciously issued process, and imprisoned.

74.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KEVIN CAMERON'S constitutional rights.

11

75.     All of the foregoing acts by defendants deprived plaintiff KEVIN CAMERON of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from the use of excessive force and/or the failure to intervene;

C.     To be free from seizure and arrest not based upon probable cause;

D.     To be free from malicious abuse of process;

E.     To be free from false imprisonment/arrest; and

F.     To receive equal protection under law.

76.     As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

77.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76"with the same force and effect as if fully set forth herein.

78.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

79.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

80.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

12

81.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

82.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    Defendants arrested plaintiff without probable cause.

84.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

85.    As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

86.    As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87.    As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

88.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.    As a result of the foregoing, plaintiff KEVIN CAMERON was placed in apprehension of imminent harmful and offensive bodily contact.

90.    As a result of defendants' conduct, plaintiff KEVIN CAMERON has suffered

physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.    As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

92.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    Defendants made offensive contact with plaintiff without privilege or consent.

94.    As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

95.    As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

96.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.    Defendants issued criminal process against plaintiff by causing him to be arrested, and requiring his appearance in Kings County Criminal Court.

14

98.     Defendants compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

99.     As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

102.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

103.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

104.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

105.    As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

106.    As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to

15

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and excessive use of force against plaintiff.

109.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

110.    As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

16

participated in the arrest of and excessive use of force against plaintiff.

113.    As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

114.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

116.    As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its

employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

119. As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

120. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

122. As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

123. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

18

125.    As a result of the foregoing, plaintiff KEVIN CAMERON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KEVIN CAMERON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       January 29, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff KEVIN CAMERON
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
       BRETT H. KLEIN (BK4744)